Nicola S. Yousif (BBO #679545)
Matthew McKenna (BBO #705644)
Shield Law, LLC
157 Belmont St.
Brockton, MA 02301
Phone: 508-588-7300
E:nick@shieldlaw.com
E:matt@shieldlaw.com

Attorneys for Plaintiff,
Diomedes Ortiz

# United States District Court
## District of Massachusetts

| | |
|---|---|
| Diomedes Ortiz, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NewRez LLC d/b/a Shellpoint Mortgage Servicing,<br><br>Defendant | Case No.:<br><br>**[Class Action]**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. § 2601, ET SEQ.**<br><br>**Jury Trial Demanded** |

## Introduction

1. Diomedes Ortiz ("Plaintiff Ortiz"), brings this Class action complaint on behalf of herself, individually, and all others similarly situated, by and through her attorneys, against Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Defendant") and alleges upon information and belief as follows:

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant.

5. Congress found "that significant reforms in the real estate settlement process are needed to ensure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C.§ 2601.

6. To address this finding, Congress passed the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et. seq., ("RESPA") in 1974.

7. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA.

8. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R..§ 1024, RESPA's implementing regulation. 12 U.S.C.§ 2617.

9. Under RESPA and Regulation X, loan servicers, including Defendant, must provide borrowers with specific account information available to them in the regular course of business upon receiving a Qualified Written Request ("QWR") or a Request for Information ("RFI") from the borrower. 12 U.S.C. § 2605(e)(1)(A); 12 C.F.R §§ 1024.35(a).

10. A servicer must respond within 30 days to a QWR for information or an RFI in one of two ways: (1) provide the requested information, or (2) conduct a "reasonable search" for the requested information and provide the borrower with written notification explaining the basis for the servicer's determination that the requested information is "not available." 12 C.F.R. § 1024.35(d)(1)(i) – (ii).

11. In its official commentary to Regulation X, the CFPB outlines what constitutes "not available." Information is "not available" if: "[(1.)] The information is not in the servicer's control or possession, or [(2.)] The information cannot be retrieved in the ordinary course of business through reasonable efforts." 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

12. As an example of "available" information, the CFPB provides the following in its official commentary to Regulation X:

> A borrower requests a copy of a telephonic communication with a servicer. The servicer's personnel have access in the ordinary course of business to audio recording files with organized recordings or transcripts of borrower telephone calls and an identify the communication referred to by the borrower through reasonable business efforts. The information requested by the borrower is **available to the servicer.** 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii) (bold face added).

13. Defendant has neglected to fulfill its duty to provide information available to it in the regular course of business to Plaintiff upon receipt of Plaintiff's QWR and RFI.

14. As alleged in greater detail below, Defendant has demonstrated a "pattern or practice" of failing to adequately respond to borrowers' requests for account

3

information, which makes Defendant liable for statutory damages in an amount up to $2,000 for each failure to adequately respond. 12 U.S.C § 2605(f).

15. Notwithstanding this glaring failure to abide by its statutory duty, and despite Plaintiff informing Defendant of its failure, Defendant continues to incorrectly state that the recordings are "confidential, proprietary, or privileged information."

## Jurisdiction and Venue

16. This court has subject matter jurisdiction over this action under 28 U.S.C 1331 because the action arises out of violations of RESPA, a federal law.

17. This Court has personal jurisdiction over Defendant because Defendant conducts business in Massachusetts and maintains significant contacts within the state.

18. Venue is appropriate in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C 1391 for the following reasons: (i) Plaintiff resides in Lynn, Essex County, Massachusetts which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all relevant times.

## Parties

19. Plaintiff is a resident and citizen of Lynn, in the State of Massachusetts.

20. On information and belief, Defendant is headquartered in Greenville, South Carolina.

## Factual Allegations

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as if fully stated herein.

22. On or around December 9, 2022, Plaintiff mailed a Qualified Written Request to Notice of Error and Request to Defendant. In this letter, Plaintiff asked for several documents including "[a] copy of any and all recordings…[and a] copy of any and all transcripts of conversations with [Plaintiff] or any other person concerning [Plaintiff's] account." Information pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36. Defendant provided some documents in response, but ignored Plaintiff's request for telephone recordings.

23. On or about February 6, 2023, Plaintiff's counsel received a partial response to Plaintiff's Qualified Written Request from Defendant. In this response, Defendant stated that it was "not required to provide documents relied upon that constitute confidential, proprietary, or privileged information" and failed to provide any of the requested recordings.

24. On or around February 17, 2023, Plaintiff mailed a second Qualified Written Request to Notice of Error and Request to Defendant. In this letter, Plaintiffs asked for several documents including "[a] copy of any and all recordings…[and a] copy of any and all transcripts of conversations with [Plaintiff] or any other person concerning [Plaintiff's] account." Information pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36.

25. On or about March 31, 2023, Plaintiff's counsel received another partial response to Plaintiff's Qualified Written Request from Defendant. In this response, Defendant again failed to provide any of the request's recordings.

26. In the March 31, 2023, letter that Defendant mailed to Plaintiffs' counsel, the letter stated:

> Copies of any and all recordings are not required to be provided that constitute confidential, proprietary, or privileged information.

27. Plaintiff is informed and believes and hereupon allege that Defendant has refused to produce recordings for possibly hundreds if not thousands of consumers that have requested them.

28. Plaintiff is informed and believe and hereupon allege that Defendant has the ability to easily produce the requested recordings through reasonable business efforts.

29. Plaintiff is informed and believe and hereupon allege that Defendant has no proper basis to conclude that telephone recordings and transcripts are "confidential, proprietary, or privileged ."

30. Defendant's blanket refusal to Plaintiff appears to be a uniform template response sent to many consumers, which shows a pattern and practice of non-compliance with RESPA.

31. Furthermore, at least two requests were made by Plaintiff for the recordings in question and Defendant failed to produce the recordings in response to each request which further illustrates its pattern and practice of non-compliance.

32. As a result of Defendant's failure to provide the recordings and transcripts, Plaintiff paid for postage to send the second QWR letter to Defendant.

**Choice of Law**

33. The State of Massachusetts has sufficient interest in the conduct at issue in this complaint, such that Massachusetts law may be uniformly applied to the claims of the proposed Class.

34. Defendant does substantial business in Massachusetts, and a significant portion of the proposed Class are located in Massachusetts. Moreover, Defendant avails itself to these Massachusetts citizens by soliciting directly to them.

35. The State of Massachusetts also has the greatest interest in applying its law to Class members' claims. Massachusetts' governmental interest include protecting resident consumers against unfair or deceptive acts or practices. *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 640 N.E.2d 1101, 1104 (Mass. 1994).

36. If other states' laws were applied to Class members' claims, Massachusetts' interest in discouraging resident corporations from engaging in the sort of unfair and deceptive practices alleged in this complaint would be significantly impaired.

37. Massachusetts could not effectively regulate companies like Defendant, which does business throughout the United States, if it can only ensure remuneration for consumers from one of the 50 states affected by conduct that runs afoul of its laws.

**Class Action Allegations**

38. Plaintiff bring this action on behalf of herself and on behalf of all others similarly situated (the "Class"), pursuant to Federal Rule Civil Procedure 23(b)(1),(b)(2) and/or (b)(3).

39. The putative Class that Plaintiff seeks to represent is composed of:

> All persons within the United States who have or have had a mortgage loan with Defendant and who within three years from the filing of this Complaint have requested copies of audio recordings or transcripts of

7

phone calls between themselves and Defendant pursuant to 12 U.S.C. § 2605(e)(1)(A) and 12. C.F.R. § 1024.36 and who have subsequently been denied access to those audio recordings by Defendant.

40. Excluded from the Class are any of Defendant's officers, directors, employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any entity in which Defendant has a controlling interest. Judicial officers presiding over this case, its staff, and immediate family members, are also excluded from the Class.

41. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more. Such information can be ascertained through Discovery from records maintained by Defendant. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

42. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

43. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:
    a. Whether Defendant failed to provide audio recordings of telephone calls between Defendant and Class members as required under RESPA;
    b. Whether Defendant failed to conduct a "reasonable investigation" as required pursuant to 12 C.F.R. § 1024.35(d)(1)(i) – (ii);

    c. Whether Plaintiff and the Class are entitled to damages under 12 U.S.C§ 2605(f);

    d. Whether Defendant demonstrates a "pattern or practice" of failing to respond to borrowers' QWRs and RFIs.) Whether Defendant's conduct violates 12 U.S.C. 2601 et. seq.; and

    e. Whether Plaintiff and the putative Class and Subclass members are entitled to injunctive relief as sought herein

44. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, requests audio recordings or transcripts of telephone calls between Plaintiff and Defendant, and Defendant refused to provide them.

45. Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class they seek to represent during the Class Period.

46. In addition, Plaintiff has retained competent counsel experienced in Class action litigation to further ensure such protection and intend to prosecute this action vigorously.

47. The prosecution of separate actions by individual members of the Class and would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of Massachusetts and would lead to repetitious trials of the numerous common questions of fact and law in the State of Massachusetts. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class action. As a result, a Class action is superior to

other available methods for the fair and efficient adjudication of this controversy.

48. Proper and sufficient notice of this action may be provided to the Class members through direct mail and email.

49. Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of Class treatment Defendant's violations of law inflicting substantial damages in the aggregate would not be remedied without certification of the Class.

50. Absent certification of this action as a Class action, Plaintiff and the members of the Class will continue to be damaged by Defendant's refusal to comply with RESPA.

## First Cause of Action
## Violations Of The
## Real Estate Settlement Procedures Act, 12 U.S.C 2601 et. Seq.

51. Plaintiff re-alleges and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Plaintiff's loans with Defendant were at all times relevant a "federally related mortgage loan" as defined by 12 U.S.C. 2602(1).

53. Defendant is, and was at all times, a loan "servicer" as defined by 12 C.F.R. § 1024.3.

54. Plaintiff and Defendant are "persons" as defined by 12 U.S.C. § 2602(5).

55. A failure to follow regulations promulgated by the CFPB in Regulation X is per se a violation of RESPA. 12 U.S.C. § 2605(k).

56. Plaintiff's request for audio recordings was both a QWR pursuant to 12 U.S.C. § 2605(e)(1)(A) and an RFI pursuant 12 C.F.R. 1024.36.

57. Audio recordings and transcripts of phone calls with borrowers are information "available in the regular course of business" to Defendant. See 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

58. Defendant failed to provide Plaintiff with requested information available to Defendant in the ordinary course of business. Consequently, Defendant violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k) and 12 C.F.R. 1024.36.

59. Defendant further violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k), and 12 C.F.R. 1024.36 by failing to adequately investigate and respond to Plaintiff's requests.

60. Plaintiff is informed and believe that at least 40 other similarly-situated borrowers who have requested audio recordings or transcripts of telephone calls between themselves and Defendant only to be likewise denied access to that information by Defendant. This is sufficient to demonstrate a "pattern or practice" under RESPA. As such, Defendant is liable for statutory damages in the amount of up to $2,000 per violation pursuant to 12 U.S.C 2605(f).

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests the Court grants Plaintiff the following relief against Defendant:

- That the Court determine this action may be maintained as a Class Action by certifying this case as a Class Action as to the Class;
- That the Court appoint Plaintiff to serve as the Class Representatives in this matter and appoint Plaintiff's Counsel as Class Counsel;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein; and

11

- That Plaintiff and the Class be awarded injunctive relief prohibiting such conduct in the future.
- Injunctive relief prohibiting such conduct in the future.
- Injunctive relief ordering Defendant to release audio recordings and transcripts of telephone calls to Plaintiff and Class members.
- Statutory damages in an amount of $2,000 per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to 12 U.S.C 2605(f).
- An award of actual damages according to proof per violation to each of the named Plaintiff individually and to each member of the Class pursuant to 12 U.S.C. 2605 (f).
- Attorneys' fees and costs
- Any and all further relief that this Court deems just and proper.

**Trial By Jury**

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Date: May 31, 2023                By: */s/ Nicola Yousif*
                                  Nicola Yousif, Esq. (Bar No. 679545)
                                  Matthew McKenna, Esq. (Bar No. 705644)
                                  Shield Law, LLC
                                  157 Belmont St.
                                  Brockton, MA 02301
                                  Phone: 508-588-7300
                                  Fax: 508-588-7303