```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
_____
                                    )
DIOMEDES ORTIZ, individually and    )
on behalf of all others similarly   )
situated,                           )
                                    )
                    Plaintiffs,     )   Civil Action
v.                                  )   No. 23-11222
                                    )
NEWREZ LLC d/b/a/                   )
SHELLPOINT MORTGAGE SERVICING,      )
                                    )
                    Defendant.      )
_____)
```

## MEMORANDUM AND ORDER

April 9, 2024

Saris, D.J.

Plaintiff Diomedes Ortiz brings this complaint against NewRez LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), which has been servicing Ortiz's loan since March 1, 2020. Disputing the amount Shellpoint claims she owes, Ortiz submitted two Qualified Written Requests for Information and Notices of Error to Shellpoint under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq. Shellpoint responded to both requests and provided twenty documents, but did not provide the requested audio recordings and transcripts of calls concerning Ortiz's account. Ortiz alleges Shellpoint has abrogated its statutory duty under RESPA to provide loan servicing information on request. Shellpoint filed a motion to dismiss the amended complaint.

After review of the briefing and oral argument, the Motion to Dismiss, Dkt. 45, is **ALLOWED** on the ground that Ortiz fails to plausibly plead actual or statutory damages.

## BACKGROUND

### I. Statutory Background

RESPA requires mortgage servicers to respond to qualified written requests from borrowers "for information relating to the servicing" of their loan. 12 U.S.C. § 2605(e)(1)(a). In response to such requests, the servicer is required to "conduct[] an investigation" and either "provide the borrower with . . . [the] information requested" or "provide the borrower with a written explanation . . . of why the information requested is unavailable or cannot be obtained by the servicer." 12 U.S.C. § 2605(e)(2)(C). If a servicer fails to comply with these provisions, individual borrowers may sue for "an amount equal to the sum of -- (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1); see also Regulation X, 12 C.F.R. §§ 1024.35, 1024.36 (implementing RESPA).

**II. Ortiz's Requests**

With all reasonable inferences drawn in favor of Ortiz, the following factual allegations from the First Amended Complaint (Dkt. 40) are accepted as true.

On December 9, 2022, Ortiz mailed her first Qualified Written Request ("QWR") and Notice of Error to Shellpoint, asking for several documents, including "[a] copy of any and all recordings . . . [and a] copy of any and all transcripts of conversations with [Plaintiff] or any other person concerning [Plaintiff's] account." Dkt. 40 at 5. The first QWR requested twenty-six different categories of information. Dkt. 46-1 at 2-4.

On February 6, 2023, Shellpoint responded to Ortiz and provided documentation regarding Ortiz's loan, but not recordings and call transcripts. In the response, Shellpoint stated it was "not required to provide documents . . . that constitute confidential, proprietary, or privileged information." Dkt. 46-2 at 3. Shellpoint added that the loan had been "charged off" and "no interest or fees [were] being assessed to the account." Id. Shellpoint also stated it was not reporting the account to the consumer reporting agencies. Id.

On February 17, 2023, Ortiz mailed her second QWR as well as a Notice of Error to Shellpoint, once again asking for the call recordings of Ortiz "or any other person" concerning her account. Dkt. 46-3 at 2-3. This time, transcripts were not requested.

3

On March 31, 2023, Shellpoint responded, stating: "Copies of any and all recordings are not required to be provided that constitute confidential, proprietary, or privileged information." Dkt. 46-4 at 2.

Ortiz's initial complaint was filed on May 31, 2023 (Dkt. 1). On July 19, 2023, Shellpoint filed a Motion to Dismiss (Dkt. 11). At oral argument, the Court requested additional briefing on whether emotional damages could be recovered under RESPA. See Dkt. 30. The parties submitted additional briefing and Ortiz filed an Amended Complaint alleging emotional damages (Dkt. 40). Shellpoint moved to dismiss (Dkt. 45).

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While the court "must accept a complaint's allegations as true," this is "inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Id. at 663 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Moreover, documents referenced in the complaint can be considered on a motion to dismiss. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Here the Court will consider the two QWRs and Shellpoint's responses.

4

## ANALYSIS

Shellpoint argues that the Amended Complaint must be dismissed because Plaintiff fails to allege a plausible claim of actual damages. To allege an actionable violation of RESPA, a plaintiff must allege specific damages and identify how the RESPA violations caused those damages. Searle v. Nationstar Mortg., LLC, 618 F. Supp. 3d 2, 13 (D. Mass. 2022).

Ortiz alleges two kinds of actual damages: first, the cost of postage she incurred to send the second QWR and the Notice of Error; and second, emotional damages caused by the alleged failure of Shellpoint to properly respond to the QWR. See Dkt. 40 at 6-7.

Courts have not given its stamp of approval to claims of actual damages based on postage. Postage costs for sending an inquiry do not qualify as actual damages under RESPA because RESPA requires that borrowers may sue for "actual damages . . . as a result of the failure" to comply with its provisions. 12 U.S.C. § 2605(f)(1)(A); see, e.g., Lebeau v. U.S. Bank, N.A. as Tr. for Citigroup Mortg. Loan Tr. Inc., No. 17-329, 2019 WL 1077285, at *4 (D.R.I. 2019); In re Jackson, 622 BR 321, 327-28 (Bankr. D. Mass. 2020). Plaintiff has not cited any caselaw supporting the proposition that the de minimis cost of sending a second request constitutes "actual damages," and nothing in RESPA or Regulation X required Ortiz to submit a second request before filing suit. Making a second request may provide plaintiffs with evidence

5

supporting claims of a "pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(B). The cost of postage in that case is incurred in order to establish a RESPA violation, not as a result of one.

The harder question is whether Ortiz has stated a plausible claim for emotional damages, which are available under RESPA. See Catalan v. GMAC Mortg. Corp., 629 F.3d 676, 696 (7th Cir. 2011); Moore v. Mortg. Elec. Registration Sys., 848 F. Supp. 2d 107, 123 (D.N.H. 2012). In the Amended Complaint, Ortiz alleges that "[a]s a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to mental and emotional pain and anguish, frustration, anger, feelings of hopelessness and helplessness. This impaired Plaintiff's ability to carry out normal daily activities." Dkt. 40 at 7. Ortiz did not seek emotional damages in the initial complaint.

A plaintiff must allege significant emotional damages "in reasonable detail" and explain "what they believe to be the source of that turmoil." Catalan, 629 F.3d at 696. Here, although given a second chance to do so, Ortiz has not stated sufficient facts to plausibly support a claim for significant emotional damages resulting from failure to provide audio recordings of her own conversations, especially since the letters from Shellpoint emphasized her loan had been written off and her credit was not at

6

risk. See Diedrich v. Ocwen Loan Servicing, LLC, 839 F.3d 583, 592-93 (7th Cir. 2016) (affirming dismissal on summary judgment where loan was reported as current and there was no link between alleged damages and violation of RESPA).

The final issue is whether Plaintiff can recover statutory damages. In addition to actual damages, RESPA permits plaintiffs to recover additional statutory damages if there is evidence that the defendant's failure to comply is the result of a pattern or practice. 12 U.S.C. § 2605(f)(1)(B). Plaintiff has a fair point that a refusal to turn over audio recordings or transcripts of her own calls about her own account are required under Regulation X, 12 C.F.R. §§ 1024.35, 1024.36, and that such a request is neither overbroad nor does it seek confidential information.

The parties disagree on whether pattern and practice damages are available in the absence of actual damages. Though the First Circuit has not considered this issue, two circuits have explained that statutory damages are only available when actual damages are sufficiently pled. See Wirtz v. Specialized Loan Servicing, LLC, 886 F.3d 713, 719-20 (8th Cir. 2018) ("A borrower cannot recover 'additional' damages under § 2605(f)(1)(B) without first recovering actual damages."); Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 1000 (11th Cir. 2020) ("[T]he use of 'additional' seems to indicate that a plaintiff cannot recover pattern-or-practice damages in the absence of actual damages.")

7

(cleaned up). But see Toone v. Wells Fargo Bank, N.A., 716 F.3d 516, 523 (10th Cir. 2013) ("Therefore, to survive a Rule 12(b)(6) motion to dismiss a claim under § 2605(e) of RESPA, plaintiffs must plead actual damages . . . or a pattern or practice of misconduct."). The word "additional" in the statute supports the circuits which have concluded that a plaintiff must plead actual damages before pursuing pattern-or-practice damages.

As Plaintiff has failed to plead actual damages, she therefore cannot plead statutory damages. The Amended Complaint fails to plead an actionable violation of RESPA.

## ORDER

For the reasons set forth above, the Motion to Dismiss (Dkt. 45) is **ALLOWED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

8